IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDERSON FEDERATION OF TEACHERS, <br> AVON FEDERATION OF TEACHERS, <br> MARTINSVILLE CLASSROOM TEACHERS <br> ASSOCIATION, G. RANDALL HARRISON, <br> SUZANNE LEBO, SHANNON ADAMS <br><br>               Plaintiffs. <br><br> v. <br><br> TODD ROKITA, in his official capacity as the <br> Attorney General of the State of Indiana, <br> KATIE JENNER, in her official capacity as the <br> Secretary of Education of the State of Indiana, <br> and TAMMY MEYER, in her official capacity <br> as the Chair of the Indiana Education <br> Employment Relations Board <br><br>               Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:21-cv-1767 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF**

      1.      The Plaintiffs, a group of school employees and their unions, bring this action to enjoin enforcement of Indiana's new Senate Enrolled Act 251, which ends the existing dues deduction arrangements between teachers, Indiana's school corporations, and the teachers' exclusive representative.

      2.      SEA 251 applies only to union dues deductions for teachers. For teachers, and only teachers, SEA 251 replaces the existing dues deduction system with a time limitation of one year for a duly authorized dues deduction, as well as an entirely unnecessary and onerous three step process that makes it more difficult for teachers to support their organizations by paying their union dues and makes it more difficult for the unions to maintain their representational vitality because it requires them to expend more time and resources to collect the dues. In

addition, the new process requires teachers to sign a dues deduction authorization agreement which contains language dictated by the State and to deliver that authorization agreement containing the State's message to their school corporation.

3. No employees other than teachers, no unions other than teacher unions, no other non-profit organizations, no other wage assignments governed by Indiana law are subject to these terms.

4. Teachers' unions and the teachers that they represent are being singled out in violation of teachers' constitutional rights to freedom of association and freedom of speech.

5. The dues deduction restriction goes into effect on July 1, 2021 and purportedly requires existing dues deduction authorizations to be stopped pursuant to SEA 251.

6. SEA 251 abrogates existing dues deduction arrangements in violation of the contract impairment provision of Article I, Section 10 of the United States Constitution.

7. The Plaintiff Unions are parties to Collective Bargaining Agreements whose term is 2020-2021.

8. Among the provisions in the Collective Bargaining Agreements are an agreement for the school corporations, with whom the Plaintiff Unions have bargained, to withhold dues from members' paychecks and deposit those dues with the Plaintiff Unions.

9. This withholding obligation between the parties is intended to cover the entire annual pay for each school employee governed by the contract.

10. For Martinsville and Avon teachers, teachers are paid in 26 bi-weekly installments to cover the school year.

11. These installments begin for work done in August and continue for a calendar year until payments under the new year start after teachers return to school the following August.

12. SEA 251, if it becomes effective, will stop these payments as of July 1, 2021, depriving the teachers and unions of their agreed-on deductions.

13. Forcing teachers and unions to establish alternate means of dues deduction imposes costs on both parties: requiring them to set up either automatic bank transactions or regular billing practices. This new requirement would be particularly onerous because teachers will not be working on July 1 and will not be in regular contact with their unions or with the school corporations that employ them.  Moreover, SEA 251 does not permit teachers to sign new authorizations until after July 1, 2021 when they will also not be working or in contact with their unions or employers.  The state does not require these costs to be borne by any other parties to a wage assignment in the state.

14. Indiana's SEA 251 violates the teachers' right to freedom of association in violation of the First Amendment of the United States Constitution, it violates the teachers' First Amendment right to freedom of speech by compelling them to speak a message dictated by the State, and it also impairs existing contractual obligations between school corporations and their teachers and unions, in violation of Article I, Section 10 of the United States Constitution.

## I. JURISDICTION OF THIS COURT

15. Plaintiffs bring this action under 42 U.S.C. § 1983 against official capacity Defendants acting under color of state law to remedy the State's and its agents' deprivation, under color of Senate Enrolled Act 251, of the Plaintiffs' rights, privileges, and/or immunities secured by the United States Constitution.

16. Jurisdiction is proper under federal question jurisdiction, 28 U.S.C. § 1331.

## II. PARTIES TO THIS ACTION

17. Plaintiff Anderson Federation of Teachers is a labor organization and the exclusive representative of a bargaining unit of certified employees and a bargaining unit of non-certified employees at the Anderson Community School Corporation.

18. Plaintiff Avon Federation of Teachers is a labor organization and the exclusive representative of a bargaining unit of certified employees at the Avon Community School Corporation.

19. Plaintiff Martinsville Classroom Teachers Association is a labor organization and the exclusive representative of a bargaining unit of certified employees at the Metropolitan School District of Martinsville.

20. Plaintiff G. Randall Harrison is a teacher and is the President and a dues-paying member of the Anderson Federation of Teachers.

21. Plaintiff Suzanne Lebo is a teacher and is the President and a dues-paying member of the Avon Federation of Teachers.

22. Plaintiff Shannon Adams is a teacher and is the President and a dues-paying member of the Martinsville Classroom Teachers Association.

23. Defendant Todd Rokita is the Attorney General of the State of Indiana and charged, along with his co-defendants, with implementing provisions of Senate Enrolled Act 251. He is named in his official capacity for the purposes of obtaining injunctive relief under federal law.

24. Defendant Katie Jenner is the Secretary of Education of the State of Indiana and charged, along with her co-defendants, with implementing provisions of Senate Enrolled Act 251. She is named in her official capacity for the purposes of obtaining injunctive relief under federal law.

25. Defendant Tammy Meyer is the Chairperson of the Indiana Education Employment Relations Board and charged, along with her co-defendants, with implementing provisions of Senate Enrolled Act 251. She is named in her official capacity for the purposes of obtaining injunctive relief under federal law.

26. All parties and events giving rise to this lawsuit are located in the Southern District of Indiana, and venue is proper under 28 U.S.C. § 1391(b).

### III. FACTUAL ALLEGATIONS

27. The individual Plaintiffs are Indiana public school teachers and members of the unions which represent teachers in their school corporations.  If SEA 251 takes effect, to arrange union dues deductions from their paychecks they will be required to use the dues deduction authorization agreement required by SEA 251 and be compelled to speak the message in those authorization agreements dictated by the State.

28. The Union Plaintiffs are parties to Collective Bargaining Agreements with their respective school corporations.

29. Pursuant to Indiana state law, Ind. Code § 20-29-6-4.7, Collective Bargaining Agreements between school corporations and their teachers' exclusive representatives have a maximum duration of two years and must expire at the end of the state's two-year budget biennium.

30. Plaintiff Anderson Federation of Teachers is a party to a Collective Bargaining Agreement with the Anderson Community School Corporation that expires June 30, 2021.

31. The Anderson agreement specifies that "the school employer shall, on written authorization of a school employee, deduct from each pay of such employee, starting with the

second pay, and each pay thereafter of such employee any dues designated or certified by the appropriate officer of the Union and shall remit such dues to the Union after each deduction."

32. Plaintiff Avon Federation of Teachers is a party to a Collective Bargaining Agreement with the Avon Community School Corporation that expires June 30, 2021.

33. Pursuant to the Avon agreement, the "Board agrees to deduct Union membership dues from the salaries of those teachers who have authorized such deductions. Such authorization shall be provided by the Union and submitted to the Board on or before the fourth (4th) pay date of the school year. Such authorization shall continue in effect from year to year unless revoked in writing by the teacher. Additional authorization will be accepted anytime with deductions beginning within four (4) weeks of the submission of the authorization."

34. The Avon agreement continues further, "Deductions shall be made in twenty-one (21) equal installments, beginning with the sixth (6th) paycheck in the amount to be determined each October. Total remaining Union dues from non-returning teachers will be deducted accordingly from their last payroll check. The proceeds from the deductions shall be forwarded by the Board to the Treasurer of the Union within five (5) school days after the checks from which the deduction were made are delivered to the teachers."

35. Plaintiff Martinsville Classroom Teachers Association is a party to a Collective Bargaining Agreement with the Metropolitan School District of Martinsville that expires June 30, 2021.

36. The Martinsville agreement specifies that "Teachers who authorize dues deductions shall have dues deducted each year at the same rate unless the School Corporation receives written notification from the teacher to cease making such deductions not less than two weeks prior to the first pay of the new school year. The Association shall certify the amount of

the unified dues to the Corporation on or before August 1 of each school year. The School Corporation shall provide a list of the membership authorizations on file to the Association prior to October 1. The first deduction will be the first pay of the school year for all continuing members…"

37. The dues amount referred to in each contract refers to the membership dues of the exclusive representative.

38. In exchange for those membership dues, the exclusive representative provides, among other things, services related to enforcing the contract, interpreting the contract, negotiating the contract, providing representation as necessary in any grievance procedure, and liability insurance for its members.

39. Dues deduction is an efficient method of allowing teacher members to pay their membership dues to the exclusive representative.

40. Absent the mechanism for automatic dues deductions, teachers and their exclusive representatives would be required to expend additional resources and incur additional costs in both the payment and collection of dues.

41. Absent automatic dues deductions, the Plaintiffs will be required to establish their own collection and accounting mechanisms, which will impose a burden on the exclusive representative.

42. The development of these mechanisms will require additional money, staffing, and time, all of which will impose a burden on the exclusive representative's ability to perform the functions outlined in paragraph 38 and/or require an increase in the dues that it charges its members.

43. Senate Enrolled Act 251 burdens teacher constitutional rights in several ways.

44. First, pursuant to the law, all teacher dues authorizations in effect prior to July 1, 2021 will be abrogated. Beginning July 1, dues deductions must be reauthorized annually. This impairs the current dues authorization agreements executed by the individual Plaintiffs and the Plaintiff Unions' member teachers, the current obligations of school corporations to continue dues deductions after July 1, 2021, and the Plaintiff Unions' right to continue receiving dues payments after July 1, 2021.

45. Second, pursuant to the law, after July 1, 2021, teachers must use a dues authorization agreement prescribed by the Indiana Attorney General to authorize continued deduction of their dues. This new authorization agreement is required to contain in 14-point type boldface font the statement: "I am aware that I have a First Amendment right, as recognized by the United States Supreme Court, to refrain from joining and paying dues to a union (school employee organization). I further realize that membership and payment of dues are voluntary and that I may not be discriminated against for my refusal to join or financially support a union." The other language of the authorization prescribed by the Attorney General has not yet been made public, but SEA 251 requires the Attorney General to create the authorization agreement by July 1, 2021.

46. Third, pursuant to the law, the execution and submission of the new authorization agreement is by itself not sufficient to begin the deduction of dues. Instead, the school corporation must then send an e-mail to the teacher who submitted the authorization agreement requiring the teacher to confirm the dues deduction. Only after the teacher responds to that e-mail may the school corporation process the dues authorization agreement.

47. The steps required by SEA 251 burden the payment of dues by abrogating current dues authorization agreements and contractual obligations concerning payment of dues, limiting

the duration of post July 1, 2021 dues authorizations and related contractual obligations, requiring teachers to speak a compelled message in connection with their authorization of dues payments, and by requiring a burdensome, multi-step process that has the purpose of discouraging the payment of union dues and the potential of delaying the timely authorization of dues deductions.

48. No other wage assignment in Indiana has the same onerous requirements as the requirements outlined in Senate Enrolled Act 251.

## COUNT I – CONTRACT IMPAIRMENT

49. Plaintiffs incorporate the foregoing paragraphs as if fully set out herein.

50. Plaintiffs Avon Federation of Teachers and Martinsville Classroom Teachers Association represent members who are paid bi-weekly over twenty-six weeks.

51. Additionally, each Plaintiff union has hundreds of members that have authorized dues deductions on a recurring basis until revoked by the member.

52. These existing dues deduction authorizations are contracts.

53. After July 1, 2021, SEA 251 forbids dues deductions from occurring without the authorizing process described therein, without exception for dues deductions performed through existing authorizations. SEA 251 therefore has the effect of terminating existing dues authorization contracts and related collective bargaining agreement obligations governing dues deductions.

54. SEA 251 results in a substantial impairment of the existing dues authorization contracts because it disrupts actual and important reliance interests of the members and their unions. This disruption was not anticipated or foreseen.

55. SEA 251 therefore impairs the existing dues authorization contracts in violation of Article I, Section 10 of the United States Constitution.

### COUNT II – FIRST AMENDMENT VIOLATIONS

56. Plaintiffs incorporate the foregoing paragraphs as if fully set out herein.

57. Members of teachers' unions are the only individuals in the state required to go through the cumbersome process for dues deductions, as well as the only individuals in the state whose dues authorizations are limited to one year. Placing a burden on teachers when they band together to financially support their exclusive representative while placing none on all employees who make wage assignments for individual purposes is clearly a restraint on the First Amendment right of association.

58. By requiring teachers to use dues deduction authorization agreements that contain State-dictated language concerning their constitutional rights to refrain from joining a union or paying union dues, SEA 251 compels teachers to speak a content-based message in violation of their First Amendment freedom of speech.

**WHEREFORE**, Plaintiffs pray:

(A) that the Court enjoin the enforcement of the terms of Indiana's Senate Enrolled Act 251 because it violates the United States Constitution;

(B) that the Court award plaintiffs' reasonable attorneys' fees and costs; and

(C) that the Court award any other relief the Court deems just and proper.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/ Jeffrey A. Macey
Jeffrey A. Macey, #28378-49
MACEY SWANSON LLP
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
(317) 637-2345
(317) 637-2369 (fax)
jmacey@maceylaw.com
Attorney for Plaintiffs