# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDERSON FEDERATION OF TEACHERS; AVON FEDERATION OF TEACHERS; MARTINSVILLE CLASSROOM TEACHERS ASSOCIATION; G. RANDALL HARRISON; SUZANNE LEBO and SHANNON ADAMS<br><br>Plaintiffs,<br><br>v.<br><br>TODD ROKITA, in his official capacity as the Attorney General of the State of Indiana; KATIE JENNER, in her official capacity as the Secretary of Education of the State of Indiana; and, TAMMY MEYER, in her official capacity as the Chair of the Indiana Education Employment Relations Board.<br><br>Defendants. | Case No. 1:21-cv-01767-SEB-DML |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO JENNER AND MEYER

This matter comes before the Court on Defendants' *Motion to Dismiss Defendants Jenner and Meyer* [ECF 26], filed on August 3, 2021. Plaintiffs' Complaint challenges Indiana's Senate Enrolled Act 251 ("SEA 251"), codified at Indiana Code § 20-29-5-6(c)–(d), on various grounds. Plaintiffs named Katie Jenner, in her official capacity as the Secretary of Education of the State of Indiana ("Jenner"); Tammy Meyer, in her official capacity as the Chair of the Indiana Education Employment Relations Board ("Meyer"), and Todd Rokita, in his official capacity as the Attorney General of the State of Indiana

("Rokita"). Simultaneous with the filing of the *Motion to Dismiss Defendants Jenner and Meyer*, Defendant Rokita answered as to Plaintiffs' Complaint. [ECF 25.] Jenner and Meyer have filed their *Motion to Dismiss* claiming that the Court lacks subject matter jurisdiction over Plaintiffs' claims against them. For the reasons cited below, this Court agrees, and finds that Plaintiffs lack standing under Article III of the United States Constitution to sue Secretary Jenner or Chair Meyer, and therefore Plaintiffs' Complaint is dismissed as to Jenner and Meyer.

Plaintiffs Complaint states that Jenner has been sued in her official capacity the Secretary of Education for the Indiana Department of Education ("DOE"). Plaintiffs allege in the Complaint that Jenner is "charged" with, "implementing provisions of Senate Enrolled Act 251. She is named in her official capacity for the purposes of obtaining injunctive relief under federal law." [ECF 1, ¶ 24.] Similarly, Plaintiffs state in their Complaint that Meyer has been sued in her official capacity as one of the members of the Indiana Education Employment Relations Board ("IEERB"). Plaintiffs allege in the Complaint that Meyer is "charged" with, "implementing provisions of Senate Enrolled Act 251. She is named in her official capacity for the purposes of obtaining injunctive relief under federal law." [ECF 1, ¶ 25.]

Taking the facts in the Complaint alleged as true, Plaintiffs' Complaint is facially inadequate to establish that Plaintiffs have standing to sue Jenner or Meyer. The Court reviews the question of standing as it would a motion to dismiss under Trial Rule 12(b)(6) by looking to the Complaint to determine whether the Plaintiffs' Complaint has adequately alleged a basis of subject matter jurisdiction. However, if the issue of standing

were to turn on a question of fact, the Court is permitted to look beyond the pleadings and make a determination of fact as necessary to determine whether standing is present. *Apex Digital v. Sears Roebuck*, 572 F.2d 440, 443-444 (7th Cir. 2009). The Plaintiff bears the burden of establishing standing. *Id.* at 443.

The Complaint does not allege any particular acts or omissions on the part of Jenner, or the DOE. Nor does the Complaint allege any particular acts or omissions on the part of Meyer, or the IEERB. Specifically, the only redress that the Plaintiffs demand is that the Court enjoin enforcement of the terms of SEA 251. Under the plain reading of SEA 251, SEA 251 has no mechanism for implementation, enforcement, administration, or invocation by Jenner or Meyer.

The judicial authority under Article III of the United States Constitution is limited to "cases or controversies." To have standing, a plaintiff must have "an injury in fact," a causal connection between the injury and the conduct complained of, and it must be likely (as opposed to speculative), that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury has to be fairly traceable to the challenged action of the defendant. *Id.* The suit should be brought against entities that have legal responsibilities for the flaws plaintiffs perceive in the system and from whom they ask something which would conceivably help their cause. *Hearne v. Board of Education*, 185 F.3d 770, 777 (7th Cir. 1999).

Plaintiffs do not allege that Jenner or Meyer have done anything wrong or wrongfully failed to do something. Instead, the Complaint vaguely states that both Defendants should be enjoined from "enforcing" SEA 251. [ECF 1.] Neither Jenner, nor

Meyer, have any enforcement obligation under SEA 251. Under SEA 251, DOE and IEERB have limited roles, namely, providing consultation to the attorney general. (See Ind. Code § 20-29-5-6(c)(3) and Ind. Code § 20-29-5-6(d)). As the role of DOE and IEERB is merely consulting with the attorney general, neither Jenner, nor Meyer have any role in enforcement of SEA 251. Accordingly, as Plaintiffs' sole relief sought is enjoinder to enforce SEA 251, an injunction against Jenner or Meyer cannot redress any of the Plaintiffs' alleged injuries. As a result, Plaintiffs have no standing to sue Secretary Jenner or Chair Meyer, by virtue of Article III.

For the reasons detailed above, Defendants' Motion to Dismiss Jenner and Meyer is **GRANTED**.

**IT IS SO ORDERED.**

Date: _____  _____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kelly Earls
INDIANA ATTORNEY GENERAL
kelly.earls@atg.in.gov

Sarah Ann Hurdle Shields
INDIANA ATTORNEY GENERAL
sarah.shields@atg.in.gov

Meredith McCutcheon
INDIANA ATTORNEY GENERAL
meredith.mccutcheon@atg.in.gov

Courtney L. Abshire
INDIANA ATTORNEY GENERAL
courtney.abshire@atg.in.gov

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Jeffrey A. Macey
MACEY SWANSON LLP
jmacey@maceylaw.com