UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDERSON FEDERATION OF TEACHERS; AVON FEDERATION OF TEACHERS; MARTINSVILLE CLASSROOM TEACHERS ASSOCIATION; G. RANDALL HARRISON; SUZANNE LEBO and SHANNON ADAMS<br><br>Plaintiffs,<br><br>v.<br><br>TODD ROKITA, in his official capacity as the Attorney General of the State of Indiana; KATIE JENNER, in her official capacity as the Secretary of Education of the State of Indiana; and, TAMMY MEYER, in her official capacity as the Chair of the Indiana Education Employment Relations Board.<br><br>Defendants. | Case No. 1:21-cv-01767-SEB-DML |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendants, Katie Jenner, in her official capacity as the Secretary of Education of the State of Indiana ("Secretary Jenner"), and Tammy Meyer, in her official capacity as the Chair of the Indiana Education Employment Relations Board ("Chair Meyer"), by counsel, submit this memorandum in support of their motion to dismiss under Trial Rule 12(b)(1) for lack of standing. Generally, the harm alleged by Plaintiffs is not fairly traceable to acts or omissions of Secretary Jenner or Chair Meyer, and the alleged injuries of which Plaintiffs complain will not be redressed by a favorable decision against

1

Secretary Jenner or Chair Meyer. Such elements must be present for the Plaintiffs to have standing under Article III to sue Secretary Jenner or Chair Meyer.

## FACTS AND PROCEDURAL BACKGROUND

For purposes of this motion, the well-pleaded allegations of fact are taken as true. Plaintiffs are a group of school employees and their unions. [ECF 1, ¶1.] Plaintiffs sued Secretary Jenner in her official capacity as the Secretary of Education for the Indiana Department of Education ("DOE"), alleging in the Complaint that Secretary Jenner is "charged" with "implementing provisions of Senate Enrolled Act 251. She is named in her official capacity for the purposes of obtaining injunctive relief under federal law." [ECF 1, ¶ 24.] Plaintiffs also sued Chair Meyer, in her official capacity as one of the members of the Indiana Education Employment Relations Board ("IEERB"), alleging in the Complaint that Chair Meyer is "charged" with "implementing provisions of Senate Enrolled Act 251. She is named in her official capacity for the purposes of obtaining injunctive relief under federal law." [ECF 1, ¶ 25.] The Complaint does not allege any particular acts or omissions on the part of Secretary Jenner, or DOE. Nor does the Complaint allege any particular acts or omissions on the part of Chair Meyer, or IEERB. The Complaint also names Todd Rokita, in his official capacity as the Indiana Attorney General, who Defendants agree is a proper party regarding the constitutionality of an Indiana statute. *See* Ind. Code § 4-6-1-6. The Attorney General is also required under SEA 251 to draft and distribute the withholding form, which remits dues of school employees who request such deductions from their pay. Ind. Code § 20-29-5-6 (a).

On June 15, 2021, Plaintiffs filed their Complaint challenging the constitutionality of Indiana Senate Enrolled Act 251, codified at Ind. Code § 20-29-5-6 *et seq.* ("SEA 251"). [ECF 1.] SEA 251 specifically adds subsections (c) and (d) to Ind. Code § 20-29-5-6, which under its enrolled provision states:

> (c) After June 30, 2021, the following apply to a deduction authorization by a school employee under subsection (a) or when a school employer agrees with a school employee organization to deduct school organization dues from a school employee's pay:
>
> > (1) A school employee has the right to resign from, and end any financial obligation to, a school employee organization at any time. The right described in this subdivision may not be waived by the school employee.
> >
> > (2) The authorization for withholding form shall include the school employee's full name, position, school employee organization, and signature and shall be submitted directly to the school employer by the school employee. After receiving the authorization for withholding form, the school employer shall confirm the authorization by sending an electronic mail message to the school employee at the school employee's school provided work electronic mail address and shall wait for confirmation of the authorization before starting any deduction. If the school employee does not possess a school provided work electronic mail address, the school employer may use other means it deems appropriate to confirm the authorization.
> >
> > (3) An authorization for school employee organization dues to be deducted from school employee pay shall be on a form prescribed by the attorney general, in consultation with the board, and shall contain a statement in 14 point type bold face font reading: "I am aware that I have a First Amendment right, as recognized by the United States Supreme Court, to refrain from joining and paying dues to a union (school employee organization). I further realize that membership and payment of dues are voluntary and that I may not be discriminated against for my refusal to join or financially support a union. I authorize my employer to deduct union dues from my salary in the amounts specified in accordance with my union's bylaws. I understand that I may revoke this authorization at any time.".

> (4) Authorizations by a school employee for the withholding of school employee organization dues from the school employee's pay shall not exceed one (1) year in duration and shall be subject to annual renewal. Any authorization submitted by a school employee to the school employer before July 1, 2021, expires on July 1, 2021, and must be resubmitted in accordance with this subsection.
>
> (5) Upon the submission of a written or electronic mail request to a school employer, a school employee shall have the right to cease the withholding of school employee organization dues from their pay. Upon receipt of a request, the school employer shall:
>
>> (A) cease the withholding of school employee organization dues from the school employee's pay beginning on the first day of the employee's next pay period; and
>>
>> (B) provide written or electronic mail notification of the school employee's decision to the school employee organization.
>
> The notification in clause (B) must occur within a reasonable time to ensure that the school employee is not required to have dues withheld during the school employee's next pay period or any subsequent pay period.
>
> (6) A school employer shall annually provide, at a time the school employer prescribes, written or electronic mail notification to its school employees of their right to cease payment of school employee organization dues and to withdraw from that organization. The notification must also include the following:
>
>> (A) The authorization form described in subsection (c)(3).
>>
>> (B) The amount of dues that the school employee will be liable to pay to the school organization during the duration of the authorization, if the employee does not revoke the authorization before it expires.
>
> (d) On or before July 1, 2021, and not later than July 30 of each year thereafter, the attorney general, in consultation with the board and the department, must notify all school employers of the provisions described in subsection (c). This notice must include the authorization form described in subsection (c)(3).

Ind. Code § 20-29-5-6 (c-d).

The relief Plaintiffs seek (with regard to Secretary Jenner and Chair Meyer), is enjoinment from "the enforcement of the terms of Senate Enrolled Act 251". [ECF 1, ¶A.] On June 15, 2021, Plaintiffs also filed their *Motion for Preliminary Injunction*. [ECF 2.] The parties' briefed the preliminary injunction. An oral argument was held on June 29, 2021. The Court issued a preliminary injunction order on June 30, 2021. [ECF 22 and 23.] The Court's orders preliminarily enjoined Todd Rokita, in his official capacity as Attorney General of the State of Indiana, and "his respective agents, officers, employees, and successors, and all persons acting in concert with him or under his direction or control," from "implementing, enforcing, administering, invoking, or giving any effect to Indiana Code § 20-29-5-6(c)–(d) as applied to existing dues deduction withholding agreements at issue in this litigation until after the 26th pay period of the 2020–2021 school year." [ECF 23, ¶1.]

The Court's order also preliminarily enjoined Todd Rokita, in his official capacity as Attorney General of the State of Indiana, and "his respective agents, officers, employees, and successors, and all persons acting in concert with him or under his direction or control," from "enforcing Indiana Code § 20-29-5-6(c)(3) as to all new dues withholding authorization forms at issue in this litigation until further order of the Court." [ECF 23, ¶ 2.] The Court noted in its Order that while Plaintiffs named Secretary Jenner and Chair Meyer, in their respective official capacities, neither has enforcement responsibilities in conjunction with SEA 251. [ECF 22, p. 2, fn. 1.] The Order also noted, "Plaintiffs' counsel interposed no oral objection at the hearing to the filing of such motion [to dismiss Defendants Jenner and Meyer]. While Defendants have not yet filed moved

to dismiss Ms. Jenner and Ms. Meyer in this litigation, anticipating that such motion will be well-taken, we have not included them in this order." [Id.]

### ARGUMENT

*I. Standard of Review*

This motion is made under Trial Rule 12(b)(1) because Plaintiffs lack standing to sue Secretary Jenner or Chair Meyer for the alleged constitutional challenges of SEA 251. The Complaint is facially inadequate to establish that Plaintiffs have standing to sue Secretary Jenner or Chair Meyer. As such, the Court may review the question of standing as it would a motion to dismiss under Trial Rule 12(b)(6) by looking to the Complaint to determine whether the Plaintiffs' Complaint has adequately alleged a basis of subject matter jurisdiction. However, if the issue of standing were to turn on a question of fact, the Court is permitted to look beyond the pleadings and make a determination of fact as necessary to determine whether standing is present. *Apex Digital v. Sears Roebuck*, 572 F.2d 440, 443-444 (7th Cir. 2009). The Plaintiff bears the burden of establishing standing. *Id.* at 443.

> *II. Plaintiffs' alleged injuries are not fairly traceable to acts or omissions of Secretary Jenner or Chair Meyer and Plaintiffs' alleged injuries will not be redressed by a favorable decision against Secretary Jenner or Chair Meyer.*

The judicial authority under Article III of the United States Constitution is limited to "cases or controversies." To have standing, a plaintiff must have "an injury in fact," a causal connection between the injury and the conduct complained of, and it must be likely (as opposed to speculative), that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury has to be

6

fairly traceable to the challenged action of the defendant. *Id.* The suit should be brought against entities that have legal responsibilities for the flaws plaintiffs perceive in the system and from whom they ask something which would conceivably help their cause. *Hearne v. Board of Education*, 185 F.3d 770, 777 (7th Cir. 1999) The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Lujan* at 561. Neither Secretary Jenner, nor Chair Meyer, have any enforcement obligation that would be fairly traceable to them or their respective agencies under SEA 251.

Plaintiffs do not allege that Secretary Jenner or Chair Meyer have done anything wrong or wrongfully failed to do something. Instead, the Complaint vaguely states that both Defendants should be enjoined from "enforcing" SEA 251. [ECF 1.] Neither Secretary Jenner, nor Chair Meyer, have any enforcement obligation under SEA 251. Under SEA 251, DOE and IEERB have limited roles. IEERB must provide consultation to the attorney general, on the withholding form. (See Ind. Code § 20-29-5-6(c)(3).) DOE's sole obligation, and IEERB's only additional obligation in SEA 251, is that before July 1, 2021, and not later than July 30 each year thereafter, the agencies can consult with the attorney general regarding notifying school employers of the provisions of subsection (c)(3). (See Ind. Code § 20-29-5-6(d).) As the role of DOE and IEERB is merely consulting with the attorney general, neither Secretary Jenner, nor Chair Meyer have any role in enforcement of SEA 251. Accordingly, as Plaintiffs sole relief sought is enjoinder to enforce SEA 251, an injunction against Secretary Jenner or Chair Meyer cannot redress any of the Plaintiffs' alleged injuries. As a result, Plaintiffs have no standing to sue Secretary Jenner or Chair Meyer, by virtue of Article III.

## CONCLUSION

Plaintiffs lack standing under Article III of the United States Constitution to sue Secretary Jenner or Chair Meyer because the injuries alleged by the Plaintiffs are not fairly traceable to a challenged action by Secretary Jenner or Chair Meyer, and the alleged injuries will not be redressed by a favorable decision against Secretary Jenner or Chair Meyer.

**WHEREFORE**, Defendants request that Plaintiffs' Complaint be dismissed as to Secretary Jenner and Chair Meyer for lack of standing and for all other appropriate relief.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: August 3, 2021

By:   */s/ Kelly S. Earls*
Kelly S. Earls
Attorney No. 29653-49
Deputy Attorney General
OFFICE OF INDIANA ATTORNEY GENERAL
TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Phone: (317) 234-4464
Fax:    (317) 232-7979
Email: kelly.earls@atg.in.gov