# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDERSON FEDERATION OF TEACHERS, AVON FEDERATION OF TEACHERS, MARTINSVILLE CLASSROOM TEACHERS ASSOCIATION, G. RANDALL HARRISON, SUZANNE LEBO, and SHANNON ADAMS <br><br>　　　　　　Plaintiffs. <br><br> v. <br><br> TODD ROKITA, in his official capacity as the Attorney General of the State of Indiana. <br><br>　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) No. 1:21-cv-01767-SEB-DML ) ) ) ) ) ) |

## CASE MANAGEMENT PLAN

I. **Parties and Representatives**

　　A.　Anderson Federation of Teachers, Avon Federation of Teachers, Martinsville Classroom Teachers Association, G. Randall Harrison, Suzanne Lebo, and Shannon Adams, Plaintiffs.

　　　　Todd Rokita, Defendant.

　　B.　For the Plaintiffs:

　　　　Jeffrey A. Macey
　　　　Barry A. Macey
　　　　MACEY SWANSON LLP
　　　　445 N. Pennsylvania Street, Suite 401
　　　　Indianapolis, IN 46204
　　　　317-637-2345
　　　　jmacey@maceylaw.com
　　　　bmacey@maceylaw.com

>
> For the Defendant:
>
> Caryn Nieman Szyper
> INDIANA ATTORNEY GENERAL
> Indiana Government Center South, 5th Floor
> 302 West Washington St.
> Indianapolis, IN 46204-2770
> 317-232-6297
> Email: caryn.szyper@atg.in.gov
>
> Courtney Lyn Abshire
> INDIANA ATTORNEY GENERAL
> Indiana Government Center South, 5th Floor
> 302 West Washington St.
> Indianapolis, IN 46204-2770
> 317-234-7019
> Email: courtney.abshire@atg.in.gov
>
> Meredith McCutcheon
> INDIANA ATTORNEY GENERAL
> Indiana Government Center South, 5th Floor
> 302 West Washington St.
> Indianapolis, IN 46204-2770
> (317) 233-9357
> Email: meredith.mccutcheon@atg.in.gov

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.   Jurisdiction and Statement of Claims**

A. Jurisdiction is proper under 28 U.S.C. § 1331.

B. Plaintiffs claim that Indiana's Senate Enrolled Act 251 violates their rights under the First Amendment to freedom of association by singling out teachers' unions and their First Amendment right to be free from government-compelled speech. Additionally, Plaintiffs presented a contract impairment claim. All of these claims stem from SEA 251's requirement that teacher's unions reauthorize dues deductions on an annual basis on a form mandated by the Indiana government and developed by the Defendant Attorney General.

C. Defendants assert that pending legislation – Senate Bill 297—may moot Plaintiffs' claims. Defendants also maintain that Plaintiffs' claims that SEA 251 violate the Contract Clause and their rights under the First Amendment fail as a matter of law because SEA 251 does not impose a significant burden that

2

*Revision Date:  August 27, 2021*

substantially impairs those contracts, impact the right of association, or compel speech.

### III. Pretrial Pleadings and Disclosures

A. The parties waive the preliminary pleadings and disclosures process and intend to submit the matter to the Court on cross motions for summary judgment. Upon receipt of the Court's decision, if the Court decides that the record requires a trial in this matter, the Parties will confer about Pre-Trial scheduling including exchanges of witnesses and exhibits.

### IV. Discovery[1] and Dispositive Motions

A. Both parties believe this case is appropriate for a Motion for Summary Judgment due to the fact that legal issues predominate in this matter and that the facts are generally uncontested.

B. Select the track that best suits this case:

Dispositive motions are expected from both parties. Plaintiffs shall file any dispositive motion on or before **April 22, 2022**; Defendants shall respond to Plaintiffs' dispositive motion, and shall include any cross-dispositive motion, on or before **May 20, 2022**; Plaintiffs shall respond to Defendants' cross-dispositive motion, and shall include any reply in support of Plaintiffs' dispositive motion, on or before **June 17, 2022**; Defendants shall file any reply in support of their cross-dispositive motion on or before **July 1, 2022**.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

### V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

3

VI.    **Trial Date**

The parties request a trial date in June 2023.

VII.   **Referral to Magistrate Judge**

    A.   **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.   **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.  **Required Pre-Trial Preparation**

    A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading

          depositions in a question and answer format, this is strongly encouraged.); or

    b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.  **Other Matters**

  None.

        **Respectfully submitted,**

        **/s/ Jeffrey A. Macey**
        Jeffrey A. Macey
        MACEY SWANSON LLP
        445 N. Pennsylvania Street, Suite 401
        Indianapolis, IN 46204
        317-637-2345
        jmacey@maceylaw.com


        **/s/ Caryn Nieman Szyper (with permission)**
        Caryn Nieman Szyper
        INDIANA ATTORNEY GENERAL
        Indiana Government Center South, 5th Floor
        302 West Washington St.
        Indianapolis, IN 46204-2770
        317-232-6297
        caryn.szyper@atg.in.gov

*Revision Date:  August 27, 2021*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_ .M., ROOM _____ . |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____ ; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____ ; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____ ; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

*Revision Date:  August 27, 2021*

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

*Revision Date: August 27, 2021*